IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT JOE CRAWFORD,

    Petitioner,                    No. CIV S-09-3187 WBS DAD P

  vs.

M.D. MCDONALD, Warden,        ORDER AND

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with the court's December 2, 2009 order, petitioner has filed an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

**BACKGROUND**

On November 16, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus, challenging his 1996 judgment of conviction for commercial burglary entered by the San Joaquin County Superior Court. In his petition, petitioner claims that: (1) the Superior Court's decision to sentence him under California's Three Strikes Law was based on a misinterpretation of the law; and (2) the district attorney violated two of petitioner's previous plea agreements. (Pet. at 2-10.)

**ANALYSIS**

The instant petition should be dismissed because it is an unauthorized second or successive petition. The court's own records reveal that petitioner previously filed a petition for writ of habeas corpus in this court attacking the same underlying state court conviction. See Case No. CIV S-98-2105 GEB DAD.[1] In that previously-filed case, petitioner claimed that he received ineffective assistance of counsel at trial and during the appeals process and that his sentence of twenty-five years to life amounted to cruel and unusual punishment. On June 10, 2003, the undersigned issued findings and recommendations, recommending petitioner's application for writ of habeas corpus be denied on the merits. On July 14, 2003, the assigned district judge adopted those findings and recommendations in full and denied petitioner's application for federal habeas relief. The court entered judgment on the same day. On December 15, 2004, the United States Court of Appeals for the Ninth Circuit affirmed the judgment.

/////

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed. . . ." 28 U.S.C. § 2244(b)(2). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Before a second or successive petition permitted by statute can be filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Here, petitioner has not obtained an order from the Ninth Circuit authorizing the district court to consider his second or successive petition. Petitioner cannot proceed with his successive petition in this court unless and until he obtains such an order. Accordingly, petitioner's unauthorized second or successive petition should be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing him to file a second or successive petition.

**OTHER MATTERS**

Also pending before the court is petitioner's motion for appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In light of the findings and recommendations herein,

the court does not find that the interests of justice would be served by the appointment of counsel.  Accordingly, the court will deny petitioner's motion for appointment of counsel.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Petitioner's December 28, 2009 application to proceed in forma pauperis (Doc. No. 8) is granted; and

2. Petitioner's November 16, 2009 motion for appointment of counsel (Doc. No. 2) is denied.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing petitioner to file a second or successive petition; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 2, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
craw3187.156